JOHN F. RYAN COUNSELOR AT LAW
ATTORNEYS FOR PLAINTIFF
320 8TH AVENUE, SUITE 2R
BROOKLYN, NEW YORK 11215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

FEDEX TRADE NET WORKS, AIG INSURANCE CO., CHINA, LTD., XL INSURANCE COMPANY, (AXA), FUBON INSURANCE CO. LTD., DECKERS OUTDOOR CORPORATION, WOLVERINE WORLD WIDE, INC., AND AIG INSURNCE COMPANY OF CANADA.

   Plaintiffs,

vs.

M/V MAERSK ESSEN, her engines, tackle, Boilers, etc., in rem; JIAMAO INTERNATIONAL SHIP LEASE COMPANY LTD., MAERSK A/S, MEDITERRANEAN SHIPPING COMPANY S.A. d/b/a MSC., ORIENT EXPRESS CONTAINER CO. LTD.,, KUEHNE+NAGEL INC. d/b/a BLUE ANCHOR AMERICA LINE, AND PELORUS OCEAN LINE LIMITED.

   Defendants.

_____X/

Case No. 22-cv-461(ER)(GWG)

AMENDED COMPLAINT

## AMENDED COMPLAINT

NOW COMES Plaintiffs, Fedex Trade Networks, AIG Insurance Co., China, Ltd., XL Insurance

Company, Fubon Insurance Co., Ltd., Deckers Outdoor Corporation , Wolverine World Wide, Inc. , and AIG Insurance Company of Canada by their counsel John F. Ryan Counselor At Law, and complaining of the Defendants, :

1. Plaintiffs, AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd., and AIG Insurance Company of Canada at all relevant times, were Marine Cargo Underwriter and Insurance Companies with offices and place of businesses as set out in schedules B-D and G which are appended hereto and hereby incorporated by reference and made a part hereof. That Plaintiffs, AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd., and AIG Insurance Company of Canada are fully subrogated insures of the shippers, consignees, and/or receivers of the shipments described in schedules B-D and G and/or persons with a propriety interest in the shipments described in Schedules B-D and G , and/or a person owning , holding or entitled to possession of the shipments or bills of lading or waybills described in Schedules B-D and G and/or a person who is a "merchant" as defined in the bills of lading or waybills described in Schedules B-D and G, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as "merchants") and brings this action on their own behalf and as trustee on behalf of and for the interest of all parties who may be or become interested in the shipments, as their respective interests may ultimately appear, and Plaintiffs, AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd., and AIG Insurance Company of Canada are entitled to maintain these actions.

2. Plaintiff, Fedex Trade Networks at all relevant times is a domestic business and commercial entity doing business and is incorporated in a foreign state with an office at 6055 Primacy Parkway, Suite 450, Memphis, TN, and was the owner, shipper or consignee of the shipment described in schedule A and is entitled to pursue the cause of action set forth herein.

3. Plaintiff, Deckers Outdoor Corporation at all relevant times is a domestic business and commercial entity doing business as Deckers Brand and is incorporated in the state of California with an office at 250 Coromar Dr., Goleta, CA., and was the owner/shipper of shipment described in schedule E and is entitled to pursue the cause of action set forth herein.

4. Plaintiff, Wolverine World Wide, Inc. at all relevant times is a domestic corporation that designs, manufactures and markets footwear and is duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 9341 Courtland Drive NE, Rockford, MI 49351 and was the owner/shipper of shipment described in schedule F and is entitled to pursue the cause of action set forth herein.

5. Defendant M/V Maersk Essen (hereinafter "the vessel") is an ocean going container ship owned and operated by defendants as more specifically described below, that carried containerized cargo which is the subject matter of this lawsuit, as referred to in Schedules A -G.

6. Defendant Jiamao International Ship Lease Company Ltd. (hereinafter "Jiamao " or "defendant ") was and is a corporation with an office and place of business located at Trust Company Complex, Ajeltake Road, Ajeltake Island, Marshall Islands, MH96960, was and is the owner of the M/V Maersk Essen and at all relevant times, was and is still doing business with in the jurisdiction of this Honorable Court.

7. Defendants, Maersk A/S, Mediterranean Shipping Company SA d/b/a MSC, Orient Express Container Co., Ltd., Kuehne+Nagel Inc., d/b/a Blue Anchor America Line, and Pelorus Ocean Line Limited had and now have the legal status and offices and places of business stated in schedules A-G and were and now are engaged in business as common carrier of goods by sea for hire and or as an ocean transportation intermediary.

8. Defendants, Maersk A/S, Mediterranean Shipping Company SA d/b/a MSC, Orient Express Container Co., Ltd., Kuehne+Nagel Inc., d/b/a Blue Anchor America Line and Pelorus Ocean Line Limited each at all relevant times, held itself out to be and acted as a common carrier and/or a non-vessel owning common carrier engaged in the carriage of goods to and from a port in the United States of America and/or as an ocean transportation intermediary.

9. This action is comprised of admiralty and maritime claims within the meaning of Rule9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. Sect. 1331 and 1333.

10. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the shipments at issue. Defendants have consented to the personal jurisdiction of this Honorable Court by virtue of the referenced same forum selection clauses.

11. Plaintiffs AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd and AIG Insurance Company of Canada are in the business to, among other things, issue marine insurance policies to provide insurance coverage for damages to shipments of merchandise while in transit, including shipments like those identified in schedules B-D and G. That the insured identified in schedules B-D and G presented to plaintiffs' claims for the damages described in this complaint to the cargo and shipments identified in schedules B-D and G. The plaintiffs,, AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd and AIG Insurance Company of Canada were obligated under the terms of the insurance policy issued by plaintiffs to pay and they did pay the claims presented by their insureds less any applicable deductible and other costs. After payment of said claims plaintiffs, AIG Insurance Co., China, Ltd., XL Insurance Company, Fubon Insurance Co., Ltd., and AIG Insurance Company of Canada became and are now entitled to bring these claims in this action as subrogated underwriters and do bring them on their own behalf as well as on behalf of their insureds as their interest may appear, in the amount of $1,113,002.28.

12. Plaintiff, Fedex Trade Networks was the consignee of the shipment identified in schedule A for delivery in Wynne, AR. Plaintiff, Fedex Trade Networks is entitled to bring this action on its own behalf and on behalf of others as their interests may appear, in the amount of $27,846.06

13. Plaintiff, Deckers Outdoor business is to manufacture of communication equipment. That in October of 2020 it was having shipped 5,436 cartons of communication equipment for delivery in Long Beach and Rialto, CA, and South Bend, IN, as identified in schedule E. Plaintiff, Deckers Outdoor is entitled to bring

5

this action on it own behalf and on behalf of others as their interests may appear, in the amount of $1,360,132.90

14. Plaintiff, Wolverine World Wide business is to manufacture of automotive parts and equipment. That in October of 2020 it was having shipped 610 cartons of printed circuit boards for delivery in El Paso, Texas as identified in schedule F. Plaintiff, Wolverine World Wide is entitled to bring this action on its own behalf and on behalf of others as their interests may appear, in the amount of $3,245,320.24

15. That on or about the dates set forth in Schedules A-G these defendants issued bills of lading for the described shipments, including containers nos. and the ports of loading and discharge as well as the place of delivery as set forth in schedules A-G.

16. That the shipments described in schedules A-G were in good order and condition when delivered to the defendants named in schedules A-E and when loaded on board the vessel named in schedules A-G.

17. That on, about and or after January 27, 2021 the defendants identified in schedules A-G or their agents failed to deliver to plaintiffs or their agents the full shipments described in schedules A-G, identified in the referenced bills of lading in good order and condition and failed to deliver the identified cargo or delivered it in a damaged condition.

18. That on, about or after January 27, 2021 these defendants were on notice that the shipments would not be delivered in the same good order and condition as received by defendants but in a damaged condition and that plaintiffs' damages were in the amount of $5,746,301.48 and that it was defendants' legal obligation to pay those damages.

19. That defendants were legally obligated to care for and protect plaintiffs' and/or assureds shipments as described in Schedules A-G during the transit identified on the referenced bills of lading, and to deliver the shipments in the same good order and condition as when the shipments were received by defendants, and that defendants failed to protect plaintiffs' shipments as described in schedules A-F during the referenced voyage. As a result of defendants' breach of contract and negligence plaintiffs have suffered damages in the amount of $5,746,301.48 plus costs and interest.

20. To date, defendants have failed to make any payments to plaintiffs for the damages suffered as a result of defendants' breach of maritime contract and or negligence.

21. In addition to the above amount of $5,746,301.48 plaintiffs are entitled to interest, costs and fees in amounts which will be proved at trial.

WHEREFORE, Plaintiffs pray as follows:
A. For Judgment on all causes of action in favor of Plaintiffs and against Defendants awarding Plaintiffs damages in an amount to be determined at trial;
And

B. For such other and further relief as the Court deems just and proper under the circumstances, together with costs and disbursements of this action.

Date: February 2, 2022,    JOHN F RYAN COUNSELOR AT LAW

John Francis Ryan
Attorney for Plaintiffs
320 8th Avenue, Suite 2R
Brooklyn, NY 11215
Telephone: (718) 378-7620
John.ryan@johnfryancounseloratlaw.com

# SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   Fedex Trade Networks  was and is a domestic business and commercial entity duly organized and existing under and by virtue of the laws one of the States of the United States with an office and place of business at 6055 Primacy Parkway, Suite 450, Memphis, TN.

**Defendant's Legal Status and Place of Business:**

Defendant    Mediterranean Shipping Company S.A.. dba MSC is believed to be a foreign corporation or similar business entity formed under the laws of a foreign country with an office c/o Mediterranean Shipping Company (USA) Inc. at 420 5th Ave., 8th Floor New York, NY 10018-2702.

| | |
|---|---|
| **Plaintiff:** | Fedex Trade Networks |
| **Defendant /Carrier:** | Mediterranean Shipping Company S.A.. dba MSC |
| **Bill of Lading/Waybill No.:** | MEDUTP261166 |
| **Container No(s).:** | TGHU6056961 |
| **Consignee:** | Fed EX Trade Network Transport |
| **Place of Receipt:** | Kaohsiung, Taiwan |
| **Port of Loading:** | Kaohsiung, Taiwan |
| **Port of Discharge:** | Los Angeles, CA |
| **Port of Delivery:** | Wynne, AR |
| **Vessel/Voyage:** | Maersk Essen |
| **Date of Shipment:** | 12.20.2020 |
| **Description of Goods:** | 1093 cartons hose & tube |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $27,846.06 |

# SCHEDULE B

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   AIG Insurance Co., China, Ltd. was and is a foreign Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 5F Chamtime International Financial Center, 1589 Century Ave., Pu Dong District, Shanghai, 20012

**Defendant's Legal Status and Place of Business:**

Defendant   Maersk A/S was and is a corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham Park, New Jersey 07932

**Plaintiff:**
| | |
|---|---|
| **Defendant /Carrier:** | AIG Insurance Co., China, Ltd |
| **Bill of Lading/Waybill No.:** | MAEU208934720, MAEU206452781 and MAEU20645276 |
| **Container No(s).:** | CAAU6086377, HASU4561578, MRSU3153822 and TCKU7337123 |
| **Consignee:** | TTE Technology Inc. |
| **Place of Receipt:** | Yantian, China |
| **Port of Loading:** | Yantian, China |
| **Port of Discharge:** | Los Angeles, CA |
| **Port of Delivery:** | Los Angeles, CA |
| **Vessel/Voyage:** | MAERSK ESSEN |
| **Date of Shipment:** | 12.23.2020 |
| **Description of Goods:** | LED TV and Spare Parts |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $278,228.69 |

# SCHEDULE C

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff XL Insurance Company, (AXA) was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of of the State of New York with an office and place of business at 200 Liberty Street, 25th Floor, New York, New York 10281

**Defendant's Legal Status and Place of Business:**

Defendant Maersk A/S was and is a corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham Park, New Jersey 07932

| | |
|---|---|
| Plaintiff: | XL Insurance Company, (AXA) |
| Defendant /Carrier: | Maersk A/S |
| Bill of Lading/Waybill No.: | MAEU207053077 and MAEU207053713 |
| Container No(s).: | MRSU3354658, MSKU1142509 and TGHU6452875 |
| Consignee: | Boardriders Wholesale LLC |
| Place of Receipt: | Haiphong, Vietnam |
| Port of Loading: | Haiphong, Vietnam |
| Port of Discharge: | Los Angeles, CA |
| Port of Delivery: | Los Angeles, CA |
| Vessel/Voyage: | M/V MAERSK ESSEN |
| Date of Shipment: | 12.16.2020 |
| Description of Goods: | Women's knitwear |
| Nature of Loss: | Non-delivery and/or physical or damage |
| Amount of Loss: | $335,361.08 |

## SCHEDULE D

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff Fubon Ins. Co. Ltd., was and is a foreign Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of a foreign country with an office and place of business at 27F-14 F NO 179, Liauning St., Zhangshan Dist. Taipei City 104 Taiwan (R.O.C.)

**Defendant's Legal Status and Place of Business:**

Defendants: Orient Express Container Co., Ltd. is a foreign company or other business entity with an office and place of business 25 Braintree Hill Office Park, Suite 410, Braintree, MA 02184

| | |
|---|---|
| **Plaintiff:** | Fubon Ins. Co. Ltd., |
| **Defendant /Carrier:** | Orient Express Container Co., Ltd |
| **Bill of Lading/Waybill No.:** | OERT203720J01342, OERT203720J01343 and OERT203720J01384 |
| **Container No(s).:** | MSMU7341350, MSMU7344426 and MSCU7716225 |
| **Consignee:** | Acer America Corporation |
| **Place of Receipt:** | Xiamen, China |
| **Port of Loading:** | Xiamen, China |
| **Port of Discharge:** | Los Angeles, CA |
| **Port of Delivery:** | Los Angeles, CA |
| **Vessel/Voyage:** | M/V Maersk Essen |
| **Date of Shipment:** | On or about 12.26.2020 |
| **Description of Goods:** | 2333cartons of flat wide monitors |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $333,853.44 |

# SCHEDULE E

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   Deckers Outdoor Corporation at all relevant times is a domestic business and commercial entity doing business as Deckers Brand and is incorporated in the state of California with an office at 250 Coromar Dr., Goleta, CA.,

**Defendant's Legal Status and Place of Business:**

Defendants:  Kuehne+Nagel, Inc. d/b/a Blue Anchor America Line was and is a business entity duly organized and existing under and by virtue of the laws of New Jersey with an office and place of business at 10 Exchange Place, 19th Floor, Jersey City, NJ 07302

| | |
|---|---|
| Plaintiff: | Decker's Outdoor Corporation |
| Defendant /Carrier: | Kuehne + Nagel, Inc. d/b/a Blue Anchor America Line |
| Bill of Lading/Waybill No.: | BANQMNL2072370 4010-0396-011.015 |
| Container No(s).: | TGBU9235146 and CAIU9025125 |
| Consignee: | Deckers Outdoor corporation |
| Place of Receipt: | Manila, Philippines |
| Port of Loading: | Yantian, China |
| Port of Discharge: | Los Angeles, CA |
| Port of Delivery: | Los Angeles, CA |
| Vessel/Voyage: | M/V Maersk Essen |
| Date of Shipment: | On or about 12.10.2020 |
| Description of Goods: | 1399 cartons of footwear |
| Nature of Loss: | Non-delivery and/or physical or damage |
| Amount of Loss: | $1,360,132.90 |

# SCHEDULE F

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   Wolverine World Wide, Inc. at all relevant times is a domestic corporation that designs, manufactures and markets footwear and is duly organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 9341 Courtland Drive NE, Rockford, MI 49351

**Defendant's Legal Status and Place of Business:**
Defendants Maersk A/S was and is a corporation with an office and place of business located at 180 Park Avenue, Bldg. 105, Florham Park, New Jersey 07932

| | |
|---|---|
| Plaintiff: | Wolverrine World Wide, Inc. |
| Defendant /Carrier: | Maersk A/S |
| Bill of Lading/Waybill No.: | MAEU206025106, MAEU206163123, MAEU207116414 & MAEU206027879 |
| Container No(s).: | TCLU5504039, TCLU5638784, MSKU0708720, MIEU2025341, MRKU4527230, MSKU1808283, MSKU1257344, TCKU7277111, TCNU8220584, MRKU2232251, TCKU6577618, MRKU2339039, MRKU5768588, MEIU0049827, MRKU3358310, MRKU5774195, MSKU4784312, MSKU4756753, MRKU3109473, HASU4206892, MRKU5915267 |
| Consignee: | Wolverine World Wide, Inc. |
| Place of Receipt: | Haiphong, Vietnam |
| Port of Loading: | Haiphong, Vietnam |
| Port of Discharge: | Los Angeles, CA |
| Port of Delivery: | Howard City, MI |
| Vessel/Voyage: | M/V Maersk Essen |
| Date of Shipment: | On or about 12.17.2020 |
| Description of Goods: | 124,200 Pairs of footwear |
| Nature of Loss: | Non-delivery and/or physical or damage |
| Amount of Loss: | $3,245,320.24 |

# SCHEDULE G

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff   AIG Insurance Company of Canada  was and is a Marine Cargo Underwriter and Insurance Company and business entity duly organized and existing under and by virtue of the laws of Canada  with an office and place of business at 120 Bremmer Boulevard, Suite 2200 Toronto, Ontario M5J 0A8 Canada.

**Defendant's Legal Status and Place of Business:**

Defendant Pelorus Ocean Line Limited was and is a business entity duly organized and existing under and by virtue of the laws of  a foreign country with an office and place of business at Room 812, Silvercord Tower 1, 30 Canton Road, Tsimishatsui, Kowloon Hong Kong.

| | |
|---|---|
| **Plaintiff:** | AIG Insurance Company of Canada |
| **Defendant /Carrier:** | Pelorus Ocean Line Limited |
| **Bill of Lading/Waybill No.:** | HANMEM09895 |
| **Container No(s).:** | TCKU92666/ |
| **Consignee:** | Future Electronics Inc. |
| **Place of Receipt:** | Haiphong, Vietnam |
| **Port of Loading:** | Haiphong, Vietnam |
| **Port of Discharge:** | Los Angeles, CA |
| **Port of Delivery:** | Menphis, TN |
| **Vessel/Voyage:** | Maersk Essen |
| **Date of Shipment:** | 12.16.2020 |
| **Description of Goods:** | 123 Boxes LED Modules |
| **Nature of Loss:** | Non-delivery and/or physical or damage |
| **Amount of Loss:** | $165,563.35 |